**Benjamin Cabagyo SANDOVAL, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

**No. 02–70632.**

**INS No. A41–173–346.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2003.*

Decided March 14, 2003.

Before BROWNING, PREGERSON and REINHARDT, Circuit Judges.

MEMORANDUM **

The immigration judge ("IJ") denied Sandoval's request for a waiver of deportation pursuant to Section 241(a)(1)(H) of the Immigration and Nationality Act, 8 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 re-designated

§ 1251(a)(1)(A), concluding Sandoval's deliberate course of misconduct to deceive the INS outweighed the positive equities in his favor.[1]

There is no limit to the factors the IJ and Board of Immigration Appeals ("BIA") may consider when exercising discretion to grant or deny such a waiver. *I.N.S. v. Yang,* 519 U.S. 26, 30–31, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996). Such an exercise of discretion "necessitates a balancing of an alien's undesirability as a permanent resident with the social and humane considerations present to determine whether a grant of relief is in the best interests of this country." *Matter of Tijam,* 22 I. & N. Dec. 408 (BIA 1988). To satisfy the abuse of discretion standard of review, the IJ and BIA must take into account all relevant factors without acting in an arbitrary, illegal, or irrational fashion. *Casem v. I.N.S.,* 8 F.3d 700, 702 (9th Cir.1993) (citing *Braun v. I.N.S.,* 992 F.2d 1016, 1019 (9th Cir.1993)).

The IJ and BIA did not err by considering Sandoval's initial entry fraud when balancing the factors in favor of and against a waiver. *Matter of Tijam,* 22 I. & N. Dec. 408; *Yang,* 519 U.S. at 30–31, 117 S.Ct. 350. Both Sandoval's own attorney and the government's attorney on cross-examination explored the circumstances surrounding his initial entry fraud during the hearing. Sandoval did not object to this inquiry nor appeal the IJ's consideration of Sandoval's initial entry fraud to the BIA.

---

Section 241 as Section 237. Because Sandoval's deportation proceedings began before April 1, 1997, and the BIA issued its final order after October 1, 1996, IIRIRA's transitional rules apply and this court has jurisdiction pursuant to 8 U.S.C. § 1105a. See IIRIRA §§ 306(c)(1) and 309(a).

Contrary to Sandoval's argument, the IJ did not apply an extreme hardship test to his waiver request. The IJ enumerated both the positive and negative equities and balanced the relative merits of each. The IJ's decision to deny Sandoval a waiver of deportation, adopted by the BIA, was not an abuse of discretion.

PETITION FOR REVIEW DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.